NO.
12-07-00328-CV

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

TRIPLE SSS AVIATION, LTD.,     §                      APPEAL
FROM THE FOURTH

APPELLANT

 

V.        §                      JUDICIAL DISTRICT COURT OF

 

RON ADKISON,

APPELLEE   §                      RUSK
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM OPINION

            Triple SSS
Aviation, Ltd. appeals from the trial court’s denial of its special appearance
contesting jurisdiction in this declaratory judgment action filed by Ron
Adkison.  In its sole issue, Triple SSS
contends the trial court erred in exercising long arm jurisdiction over
it.  We reverse and render.

 

Background

            Triple
SSS is a corporation organized under the laws of Delaware, and its principal
office is located in Michigan.  Triple
SSS contacted a Missouri broker for help in finding an airplane to
purchase.  One of that broker’s clients
was Texas resident Adkison who wished to sell his 1981 Cessna airplane.  After negotiations, Adkison and Triple SSS
entered into a written agreement for the sale of Adkison’s airplane.  Pursuant to that agreement, Triple SSS
deposited $50,000.00 into an escrow account held by Insured Aircraft Title
Services, an Oklahoma corporation.  A few
months later, but before the parties had worked out all the details, Triple SSS
decided against purchasing the airplane. 


            Adkison
filed a declaratory judgment action in his home county to determine ownership
of the escrowed funds.  Triple SSS filed
a special appearance contesting the court’s jurisdiction over it and a motion
to stay proceedings because an identical lawsuit was filed in Michigan.  Edward Mohrbacher, the chief financial
officer of Triple SSS, provided an affidavit in which he stated that Triple SSS
is not authorized to do business in Texas, has never done business in Texas,
has no office, mailbox, or employees in Texas, does not manufacture a product
that could enter the stream of commerce in Texas, does not advertise in Texas,
has no clientele in Texas, has never solicited business in Texas, and does not
maintain an internet website that could be viewed by a Texas resident.  

            At
the hearing, the parties presented argument, and Adkison presented brief
testimony stating that some negotiations took place in Texas and not all test
flights took place in Michigan.  Also, he
received at least three telephone calls from Gary Salerno, the principal of
Triple SSS.  On cross examination, he
stated that “a great many” of the negotiations were through the broker in
Missouri and he never met face to face with anyone from Triple SSS.  Without entering findings of fact or
conclusions of law, the trial court denied the special appearance and the
motion to stay.

 

Jurisdiction

            In
its sole issue, Triple SSS contends the trial court erred in exercising long
arm jurisdiction over it.  Triple SSS
argues that it has not purposely availed itself of the benefits and protections
of Texas through minimum contacts and the exercise of jurisdiction over it
offends traditional notions of fair play and justice.  Therefore, because it did not have substantial,
continuous, and systematic contacts with Texas of a general business nature,
nor did it have sufficient contacts based on the transaction at issue, the
trial court did not have jurisdiction over it and should have dismissed all
claims against it.

Applicable Law

            The
trial court’s denial of a special appearance may be challenged on legal and
factual sufficiency grounds.  BMC
Software Belgium, N.V. v. Marchand, 83 S.W.3d 789, 794 (Tex.
2002).  For legal sufficiency issues, if
there is more than a scintilla of evidence to support the finding, the no
evidence challenge fails.  Id.
at 795.  The Texas long arm statute
governs Texas courts’ exercise of jurisdiction over nonresident
defendants.  See Tex. Civ. Prac. & Rem. Code Ann. §§
17.041-.045 (Vernon 1997 & Supp. 2007). 
That statute extends Texas courts’ personal jurisdiction as far as the
federal constitutional requirements for due process will permit.  Marchand, 83 S.W.3d at
795.     Personal
jurisdiction over nonresident defendants is constitutional when two conditions
are met: 1) the defendant has established minimum contacts with the forum
state, and 2) the exercise of jurisdiction comports with traditional notions of
fair play and substantial justice.  Int’l
Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S. Ct. 154, 158, 90 L.
Ed. 95 (1945).  Minimum contacts analysis
focuses solely on the actions and reasonable expectations of the
defendant.  Michiana Easy Livin’
Country, Inc. v. Holten, 168 S.W.3d 777, 790 (Tex. 2005).  A defendant should not be subject to a
foreign court’s jurisdiction based upon random, fortuitous, or attenuated
contacts.  Marchand, 83
S.W.3d at 795.  Minimum contacts may be
established only through some act by which the defendant purposefully avails
itself of the privilege of conducting activities within the forum state, thus
invoking the benefits and protections of its laws.  Burger King Corp. v. Rudzewicz,
471 U.S. 462, 475, 105 S. Ct. 2174, 2183, 85 L. Ed. 2d 528 (1985).  The actions of the nonresident defendant must
justify a conclusion that the nonresident defendant should reasonably
anticipate being called into court in the forum state.  Id. 471 U.S. at 474, 105 S. Ct.
at 2183.  Only the defendant’s forum
state contacts matter, not anyone else’s. 
IRA Res., Inc. v. Griego, 221 S.W.3d 592, 596 (Tex. 2007).

            Personal
jurisdiction exists if the nonresident defendant’s minimum contacts give rise
to either specific jurisdiction or general jurisdiction.  Marchand, 83 S.W.3d at
795.  Specific jurisdiction is
established if the defendant’s alleged liability arises from or is related to
an activity conducted within the forum.  Id.
at 796.  A defendant can trigger specific
jurisdiction only through its own conduct, not the unilateral acts of third
parties.  Griego, 221
S.W.3d at 596.  

            General
jurisdiction is present when a defendant’s contacts in a forum are continuous
and systematic so that the forum may exercise personal jurisdiction over the
defendant even if the cause of action did not arise from or relate to
activities conducted within the forum state. 
Marchand, 83 S.W.3d at 796.  General jurisdiction requires a showing that
the defendant conducted substantial activities within the forum, a more
demanding minimum contacts analysis than for specific jurisdiction.  Id. at 797.  Usually, the defendant must be engaged in longstanding
business in the forum state, such as marketing or shipping products, or
performing services or maintaining one or more offices there.  PHC-Minden, L.P. v. Kimberly-Clark
Corp., 235 S.W.3d 163, 168  
(Tex. 2007).  In contrast to
specific jurisdiction, the incident made the basis of the suit should not be
the focus in assessing continuous and systematic contacts, contacts on which
jurisdiction over any claim may be based. 
Id. at 169.

Analysis

            In
determining whether a Texas trial court may exercise personal jurisdiction over
Triple SSS based on general jurisdiction, we consider its activities within
Texas that are not related to the contract at issue.  See id.  Triple SSS is not a Texas corporation and
does not have an office in Texas.  It
does not advertise in Texas, solicit business in Texas, have clients or
employees in Texas, manufacture a product that could be sold in Texas, or
maintain an internet website that could be viewed by Texans.  It is not engaged in a business in Texas,
longstanding or otherwise.  Thus, there
is no showing that Triple SSS conducted any activities in Texas and no evidence
of continuous and systematic contacts with Texas.  See Marchand, 83 S.W.3d at
796-97.  We conclude there is no evidence
to support a finding of general jurisdiction.

            We
next consider whether Triple SSS, through its conduct, triggered specific
jurisdiction.  See Griego,
221 S.W.3d at 596.  Triple SSS contacted
a broker located in Missouri.  The
Missouri broker facilitated contact between Triple SSS and Texas resident
Adkison.  Therefore, the initial contact
does not support a claim of purposeful availment.  Further, Triple SSS’s contacts with Texas,
talking with Adkison on the phone about details of the sale, are too
inconsequential to support a claim that it purposefully directed its activities
here.  See Griego, 221
S.W.3d at 598.  

            Additionally,
the contract includes a choice of law provision specifying that the contract
would be governed by the laws of Michigan. 
While a foreign choice of law provision does not prevent Texas courts
from also exercising personal jurisdiction, a choice of law provision cannot be
ignored when weighing purposeful availment. 
Id.  This contract
provision demonstrates that Triple SSS never anticipated Texas
jurisdiction.  See id.
at 599; Michiana, 168 S.W.3d at 792.








            Adkison
asserts that delivery of the plane was to take place in Texas and that
constitutes an additional contact.  The
contract did not specify the place of delivery and the record is not clear that
the parties had ever agreed on that detail. 
However, assuming that Triple SSS was to take delivery in Texas, we
would not give weight to that factor in determining whether Triple SSS
purposefully availed itself of Texas courts because that would cause the
airplane to become the agent for service of process, a conclusion the United
States Supreme Court has expressly rejected. 
See World-Wide Volkswagens Corp. v. Woodson, 444 U. S.
286, 296, 100 S. Ct. 559, 566-67, 62 L. Ed. 2d 490 (1980).  The important factor is the extent of Triple
SSS’s activities.  Id. at
789.

            Triple
SSS purposely availed itself of a Missouri broker, not a Texas resident.  Contact between the foreign corporation and
Texas resident was initiated by a foreign third party.  Most of the negotiations were through that
third party.  Test flights and inspections
took place in Michigan.  Adkison
testified that not all test flights took place in Michigan, but he did not say
where the others took place.  There were
no face to face meetings between the parties. 
The contract’s choice of law provision names Michigan, not Texas.  The title company and the disputed money are
in Oklahoma.  The only contact with Texas
are phone calls to Adkison by a representative of Triple SSS during the course
of negotiations.  Triple SSS’s contacts
are minimal and fortuitous and it has not purposefully availed itself of the
privilege of conducting activities within Texas.  Triple SSS did nothing to indicate or to
support an inference of any purpose to exercise the privilege of doing business
in Texas.  See U-Anchor Adver.,
Inc. v. Burt, 553 S.W.2d 760, 763 (Tex. 1977).  Under these circumstances, this single
contract with a Texas resident does not alone constitute a sufficient contact
for due process purposes and Triple SSS is not subject to specific
jurisdiction.  See Burger King Corp.,
471 U.S. at 478, 105 S. Ct. at 2185; Griego, 221 S.W.3d at
597-98.  We sustain Triple SSS’s sole
issue.

Conclusion  

            The
trial court did not have personal jurisdiction over Triple SSS because Triple
SSS had insufficient minimum contacts to give rise to either specific
jurisdiction or general jurisdiction. 

            We
reverse the trial court’s judgment and render
judgment dismissing Adkison’s claims against Triple SSS for want of
jurisdiction.

                                                                                                    SAM GRIFFITH   

                                                                                                               Justice

Opinion
delivered January 16, 2008.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

(PUBLISH)